1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   RICKY JOHNSON,                                CASE NO. 1:06-CV-00614 AWI SMS P

10              Plaintiff,                        ORDER DENYING PLAINTIFF'S MOTION
                                                  FOR APPOINTMENT OF COUNSEL
11       v.
                                                  (Doc. 4)
12   P. DESSENBERGER, et al.,

13              Defendants.
     _____/
14

15          On July 10, 2006, plaintiff filed a motion seeking the appointment of counsel.  Plaintiff does

16   not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520,

17   1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28

18   U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490

19   U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the

20   court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d

21   at 1525.

22          Without a reasonable method of securing and compensating counsel, the court will seek

23   volunteer counsel only in the most serious and exceptional cases.  In determining whether

24   "exceptional circumstances exist, the district court  must evaluate both the likelihood of success of

25   the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity

26   of the legal issues involved."  Id. (internal quotation marks and citations omitted).

27          In the present case, the court does not find the required exceptional circumstances.  Even if

28   it is assumed that plaintiff is not well versed in the law and that he has made serious allegations

1

which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims.[1] Id.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.


IT IS SO ORDERED.

**Dated:    August 7, 2006**                              _____/s/ Sandra M. Snyder_____
i0d3h8                                                         UNITED STATES MAGISTRATE JUDGE

_____

[1] The court has not yet screened plaintiff's complaint to determine whether it contains any cognizable claims for relief. 28 U.S.C. § 1915A. The court has many civil cases pending before it and will screen plaintiff's complaint in due course.