# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>P. DESSENBERGER, et al.,<br><br>        Defendants. | CASE NO. 1:06-cv-00614-OWW-SMS PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |

I.    Screening Order

    A.    Screening Requirement

Plaintiff Ricky Johnson ("plaintiff") is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was removed from Kern County Superior Court on May 18, 2006, by defendants A. Dessenberger and P. Dessenberger.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Plaintiff's Claims

Plaintiff is a former inmate who was housed at the California Correctional Institution in Tehachapi during the events at issue in this action. The defendants named in this action are spouses A. Dessenberger and P. Dessenberger, both correctional officers. Plaintiff is seeking money damages for the alleged violation of his rights under the Due Process Clause of the Fourteenth Amendment and the Cruel and Unusual Punishments Clause of the Eighth Amendment.

Plaintiff alleges that after a verbal exchange with A. Dessenberger on September 27, 2005, concerning plaintiff presence outside of the Dorm #6 doorway, A. Dessenberger handcuffed plaintiff and placed him in a visiting room holding cell for approximately four hours. After plaintiff was released and returned to his dorm, he discovered his locker had been searched and was left open.

1  Plaintiff alleges he was informed by several inmates that his locker had been searched and left open
2  by correctional officers.  Plaintiff discovered several items were missing and approached P.
3  Dessenberger, who was A. Dessenberger's wife (referred to hereinafter as Mr. and Mrs.
4  Dessenberger). Mrs. Dessenberger denied that the locker was searched by correctional officers and
5  said there was no record of it.  Plaintiff alleges he filed an inmate appeal regarding the situation.
6  Plaintiff alleges he was falsely accused by a sergeant of retaliating against an officer for writing him
7  up.
8        On November 12, 2005, plaintiff alleges that Mrs. Dessenberger went into his locker, so he
9  requested an inmate appeal form.  Mrs. Dessenberger gave plaintiff a receipt and a form CDC-128
10 (informational chrono) stating that plaintiff was going to write her up.
11       Plaintiff alleges a claim for relief against Mr. Dessenberger for falsely stating that plaintiff
12 yelled at him repeatedly and was not receptive to counseling.  Plaintiff alleges a claim for relief
13 against Mrs. Dessenberger for being a co-conspirator, lying about his locker being searched, and
14 subjecting plaintiff to cruel and unusual punishment.
15               1.   Due Process Claim
16     The Civil Rights Act under which this action was filed provides:
17               Every person who, under color of [state law] . . . subjects, or causes
              to be subjected, any citizen of the United States . . . to the deprivation
18               of any rights, privileges, or immunities secured by the Constitution .
              . . shall be liable to the party injured in an action at law, suit in equity,
19               or other proper proceeding for redress.
20 42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal
21 Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)
22 (internal quotations omitted.)  "To the extent that the violation of a state law amounts to the
23 deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution,
24 Section 1983 offers no redress." Id.
25     Section 1983 plainly requires that there be an actual connection or link between the actions
26 of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v.
27 Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A
28 person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983,

if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, No. 04-15770, 2007 WL 400759, at *1 (9th Cir. Feb. 7, 2007).

Although plaintiff alleges a claim for denial of due process, apparently against Mr. Dessenberger for writing him up, plaintiff has not alleged any facts supporting a claim that Mr. Dessenberger deprived plaintiff of a protected liberty interest without due process of law. Therefore, plaintiff's claim fails as a matter of law.

    2.    Eighth Amendment Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials

must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.

Although plaintiff alleges that Mrs. Dessenberger's actions constituted cruel and unusual punishment, plaintiff's claim is without merit. "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted). Plaintiff's complaint is devoid of any facts which would support a claim for relief under section 1983 for violation of the Eighth Amendment. The search of plaintiff's locker by Mrs. Dessenberger on one occasion and Mrs. Dessenberger's statement on another occasion that plaintiff's locker had not been searched by correctional officers, even if false, do not rise to the level of Eighth Amendment violations.

        3.    Conspiracy Claim

Plaintiff alleges generally that defendants were co-conspirators. In the context of conspiracy claims brought pursuant to section 1983, such a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir.

1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

Plaintiff has not alleged any facts supporting the existence of a conspiracy between defendants. Further, plaintiff has not alleged facts demonstrating that defendants violated his constitutional rights. In order to state a cognizable claim for relief for conspiracy, plaintiff must establish that defendants conspired to violate an underlying constitutional right.

### C. Conclusion

The court finds that plaintiff's complaint does not state any claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;

///

1    2.   The Clerk's Office shall send plaintiff a civil rights complaint form;

2    3.   Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4    4.   If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:    February 22, 2007**                /s/ Sandra M. Snyder
icido3                                         UNITED STATES MAGISTRATE JUDGE